BRUCE A. WAGMAN (CSB No. 159987)
bwagman@rshc-law.com
RILEY SAFER HOLMES & CANCILA LLP
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 275-8550
Facsimile: (415) 275-8551
*Attorney for Proposed Defendant-Intervenors Humane World for Animals, Animal Legal Defense Fund, Animal Equality, The Humane League, Farm Sanctuary, Compassion in World Farming, Inc., Animal Outlook*

REBECCA CARY (CSB NO. 268519)
rcary@humaneworld.org
HUMANE WORLD FOR ANIMALS
1255 23rd St., NW, Suite 450
Washington, D.C. 20037
Telephone: (202) 676-2330
Facsimile: (202) 676-2357
*Attorneys for Proposed Defendant-Intervenors Humane World for Animals*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>Plaintiff, <br><br>v. <br><br>THE STATE OF CALIFORNIA; GAVIN C. NEWSOM, in his Official Capacity as Governor of California; KAREN ROSS, in her Official Capacity as Secretary of the California Department of Food & Agriculture; ERICA PAN, in her Official Capacity as Director of the California Department of Public Health; and ROB BONTA, in his Official Capacity as Attorney General of California, <br><br>Defendants. | Case No. 2:25-cv-06230-MCS-AGR <br><br>**DECLARATION OF CAITLIN HAWKS IN SUPPORT OF PROPOSED DEFENDANT-INTERVENORS' UNOPPOSED MOTION TO INTERVENE** <br><br>The Honorable Mark C. Scarsi <br><br>Date: August 25, 2025 <br>Time: 9:00 a.m. <br>Location: First Street Courthouse, 350 W. 1st Street, Courtroom 7C, 7th Floor, Los Angeles, California 90012 <br>Trial Date: None <br>Action Filed: July 9, 2025 |

- 1 -

DECLARATION OF CAITLIN HAWKS IN SUPPORT OF PROPOSED
DEFENDANT-INTERVENORS' UNOPPOSED MOTION TO INTERVENE

# DECLARATION OF CAITLIN HAWKS IN SUPPORT OF PROPOSED DEFENDANT-INTERVENORS' MOTION TO INTERVENE

I, Caitlin Hawks, declare as follows:

1.  I am the Chief Programs Officer of the Animal Legal Defense Fund ("ALDF"). As Chief Programs Officer, I oversee ALDF's legislative campaigns, litigation efforts, and regulatory affairs. The facts set forth in this declaration are based on my personal knowledge, including based upon reliable records of my employer the Animal Legal Defense Fund, which are compiled and maintained in the ordinary course of its business. If called as a witness, I could and would testify competently to these facts. Any opinions contained in this declaration reflect my personal opinion and judgment.

2.  ALDF is a national nonprofit animal protection organization founded in 1979 that uses education, public outreach, investigations, legislation, and litigation to protect the lives and advance the interests of animals, including those raised for food. Incorporated in California, ALDF is supported by hundreds of dedicated volunteer attorneys and more than 300,000 members nationwide, including approximately 20,460 members in California. ALDF files high-impact lawsuits to protect animals from harm, provides free legal assistance and training to prosecutors in their fight against animal cruelty, supports animal protection legislation, and provides resources and opportunities to law students and professionals to advance the field of animal law.

3.  For decades, ALDF has been actively involved in matters pertaining to the protection and humane treatment of animals used for meat, eggs, and dairy products in California, and has directed substantial time and organizational resources towards this goal. ALDF has vigorously supported, defended, and sought the enforcement of legislation in California (and elsewhere) to substantially improve conditions for farmed animals in the state and to remove cruel products from the state's marketplace.

4. This work has included submitting numerous *amicus curiae* briefs in support of the state, when California's progressive laws prohibiting the sale and production of eggs from cruelly confined egg-laying hens (Cal. Health & Safety Code § 25995 to 25996), prohibiting the sale and production of products from force-fed birds used in foie gras (Cal. Health and Safety Code §§ 25980 to 25984), and preventing sick and disabled animals from being used in the human food supply (Cal. Penal Code §599f), have faced constitutional challenges from industry.

5. It has also included filing numerous lawsuits against California factory farming operations to improve the conditions of animals in those facilities, including several suits combatting the cruel confinement of mother pigs and veal calves. For example, in 2006 ALDF sued CorcPork, Inc., at the time the state's largest pig producer, arguing that trapping roughly 9,000 breeding sows in small crates violated California animal cruelty law prohibiting confining animals without an adequate exercise area. That same year, ALDF filed suit against Mendes Calf Ranch in Tulare County, for violating the same anti-cruelty law in isolating and confining newborn calves in tiny crates, without any space to move.

6. In 2013 and again in 2017, ALDF sued the California Exposition and State Fair and the Regents of the University of California, again for violating the anti-confinement law and keeping mother pigs at the State Fair in body-gripping farrowing crates for weeks, without providing them with adequate space.

7. Thus, in keeping with this longstanding commitment and dedication of organizational resources to advocating for, defending, and enforcing California laws protecting pigs, calves, and farmed animals, and laws ensuring humane commerce in California, ALDF was an active and early supporter of Proposition 12, the 2018 ballot measure prohibiting the sale in California of pork, veal, and eggs from cruelly confined animals.

8. ALDF's work on the measure began in the fall of 2017, when we joined the Prevent Cruelty California campaign. Shortly thereafter, we started to

DECLARATION OF CAITLIN HAWKS IN SUPPORT OF PROPOSED DEFENDANT-INTERVENORS' UNOPPOSED MOTION TO INTERVENE

engage our members to help collect signatures to get Proposition 12 on the ballot, and invited them to a kick-off event in Los Angeles, which was attended by one of our staff members. From that point up until and through the present day, ALDF has devoted organizational resources to the Prevent Cruelty California campaign, to rally support for Proposition 12. Specifically:

    a. ALDF provided financial contributions of $35,000 to the Prevent Cruelty California campaign, in support of Proposition 12.

    b. ALDF staff participated in regular conference calls with the Prevent Cruelty California coalition, to help get Proposition 12 on the ballot and ensure its passage.

    c. ALDF devoted significant staff time to attending events to promote Proposition 12, including additional kick-off events at the San Francisco SCPA in November 2017, and at the Marin Humane Society in December 2017. Our former Executive Director spoke at the San Francisco event, to rally support for Proposition 12.

    d. ALDF sent four emails to our California members, asking them to collect signatures to put Proposition 12 on the ballot, inviting them to a kick-off event, recruiting volunteers for the Prevent Cruelty California campaign, asking them to vote for Proposition 12 in early voting, and sending a final reminder to vote for Proposition 12.

    e. ALDF filmed two videos to support the Prevent Cruelty California campaign and Proposition 12, including one video ALDF posted to social media when campaigners reached 600,000 signatures for the ballot initiative.

    f. ALDF engaged our followers and audiences on social media, posting about and in support of Proposition 12 roughly 25 to 35 times, across multiple platforms.

- 4 -

DECLARATION OF CAITLIN HAWKS IN SUPPORT OF PROPOSED DEFENDANT-INTERVENORS' UNOPPOSED MOTION TO INTERVENE

      g. ALDF created educational, news, and advocacy materials to post on our website, including our announcement about joining the Prevent Cruelty California campaign, a recap of the 2018 election victories featuring Proposition 12, and an article explaining the measure and ALDF's role in promoting and supporting it.

      h. ALDF intervened as a Defendant-Intervenor in several federal court challenges to Proposition 12, one of which reached the Supreme Court.[1]

9. These activities required a significant investment of ALDF's time and resources, across numerous departments and staff members. Our Legislative Affairs and Communications teams in particular devoted substantial resources and many hours to creating, reviewing, and managing all of the above-described efforts.

10. In sum, ALDF has spent significant time and resources advancing the interests of farmed animals and in protecting pigs, calves, and egg-laying hens from cruel confinement, in particular. If Proposition 12 is struck down, ALDF's aforementioned efforts to support the law will have been wasted, and the resources ALDF spent in support of the law will be irrecoverably lost. Proposition 12 also represents a historic advancement in animal welfare legislation in the United States. Overturning the law will deprive ALDF of the opportunity to use it as a springboard to promote other positive changes to animal husbandry practices in the food industry.

11. Given ALDF's specific focus on protecting the lives and advancing the interests of animals through the legal system, ALDF's interests could not be adequately represented by the named defendants in this action.

---

[1] *North Am. Meat Inst. v. Becerra*, No. 2:19-cv-08569 (C.D. Cal. Oct. 4, 2019); *Iowa Pork Producers Ass'n v. Bonta*, No. 2:21-CV-09940 (C.D. Cal. Dec. 16, 2021); *Nat'l Pork Producers Council v. Ross*, Case No. 3:19-cv-02324 (S.D. Cal. Dec. 5, 2019) (lower court decision in favor of Defendants affirmed in *Nat'l Pork Producers Council v. Ross,* 598 U.S. 356 (2023)).

- 5 -

DECLARATION OF CAITLIN HAWKS IN SUPPORT OF PROPOSED DEFENDANT-INTERVENORS' UNOPPOSED MOTION TO INTERVENE

12. Shortly after learning that this case was filed, ALDF began collecting relevant documentation, communicating with other interested parties, obtaining counsel, and drafting the instant declaration in order to protect ALDF's interests and the interests of its members.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of July, 2025, in Seattle, Washington.

_____
Caitlin Hawks, Chief Programs Officer
Animal Legal Defense Fund

- 6 -

DECLARATION OF CAITLIN HAWKS IN SUPPORT OF PROPOSED DEFENDANT-INTERVENORS' UNOPPOSED MOTION TO INTERVENE