BRUCE A. WAGMAN (CSB No. 159987)
bwagman@rshc-law.com
RILEY SAFER HOLMES & CANCILA LLP
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 275-8550
Facsimile: (415) 275-8551
*Attorney for Proposed Defendant-Intervenors Humane World for Animals, Animal Legal Defense Fund, Animal Equality, The Humane League, Farm Sanctuary, Compassion in World Farming, Inc., Animal Outlook*

REBECCA CARY (CSB NO. 268519)
rcary@humaneworld.org
HUMANE WORLD FOR ANIMALS
1255 23rd St., NW, Suite 450
Washington, D.C. 20037
Telephone: (202) 676-2330
Facsimile: (202) 676-2357
*Attorneys for Proposed Defendant-Intervenors Humane World for Animals*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF CALIFORNIA; GAVIN C. NEWSOM, in his Official Capacity as Governor of California; KAREN ROSS, in her Official Capacity as Secretary of the California Department of Food & Agriculture; ERICA PAN, in her Official Capacity as Director of the California Department of Public Health; and ROB BONTA, in his Official Capacity as Attorney General of California,<br><br>Defendants. | Case No. 2:25-cv-06230-MCS-AGR<br><br>**[PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>The Honorable Mark C. Scarsi<br><br>Date: August 25, 2025<br>Time: 9:00 a.m.<br>Location: First Street Courthouse, 350 W. 1st Street, Courtroom 7C, 7th Floor, Los Angeles, California 90012<br>Trial Date: None<br>Action Filed: July 9, 2025 |

- 1 -

[PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

# PROPOSED ANSWER AND AFFIRMATIVE DEFENSES OF PROPOSED DEFENDANT-INTERVENORS

Pursuant to Federal Rule of Civil Procedure 24(c), Humane World for Animals, Animal Legal Defense Fund, Animal Equality, The Humane League, Farm Sanctuary, Compassion in World Farming, Inc., and Animal Outlook (collectively, "Defendant-Intervenors") submit this Answer and Affirmative Defenses to Plaintiff's Complaint to accompany Defendant-Intervenors' Motion for Leave to Intervene.

## INTRODUCTION AND SUMMARY

1. Defendant-Intervenors are without sufficient knowledge or information to admit or deny this allegation.

2. Deny.

3. This paragraph contains Plaintiff's characterization of Proposition 12, available at A. Padilla, Cal. Sec'y of State, California General Election—Text of Proposed Laws (Nov. 6, 2018), https://vig.cdn.sos.ca.gov/2018/general/pdf/topl.pdf and codified at Sections 25990–25994 of Title 13.8 of the California Health & Safety Code, to which no response is required. Defendant-Intervenors refer the Court to that law for a full and accurate statement of its purpose and provisions.

4. Deny. To the extent this paragraph contains Plaintiff's characterization of an external document, Defendant-Intervenors refer the Court to that document for a full and accurate statement of its content.

5. Deny.

6. This paragraph contains Plaintiff's characterization of, and legal conclusions about, the Egg Products Inspection Act, to which no response is required. Defendant-Intervenors refer the Court to that act for a full and accurate statement of its provisions. *See* 21 U.S.C. §§ 1031-1056. To the extent an answer is required for these allegations, Defendant-Intervenors deny each allegation in this paragraph.

7. This paragraph contains Plaintiff's characterization of, and legal conclusions about, the Egg Products Inspection Act, to which no response is required. Defendant-Intervenors refer the Court to that act for a full and accurate statement of its provisions. *See* 21 U.S.C. §§ 1031-1056. To the extent an answer is required for these allegations, Defendant-Intervenors deny each allegation in this paragraph.

8. This paragraph sets forth Plaintiff's characterization of the nature and basis of Plaintiff's action to which no response is required. To the extent an answer is required for these allegations, Defendant-Intervenors deny each allegation in this paragraph.

## JURISDICTION AND VENUE

9. This paragraph contains a legal conclusion to which no response is required.

10. This paragraph contains a legal conclusion to which no response is required.

11. This paragraph contains a legal conclusion to which no response is required.

## PARTIES

12. Admit.
13. Admit.
14. Admit.
15. Admit.
16. Admit.
17. Admit.

## FEDERAL LAW

18. This paragraph contains Plaintiff's characterization of, and legal conclusions about, the Egg Products Inspection Act, to which no response is required. Defendant-Intervenors refer the Court to that act for a full and accurate statement of its provisions. *See* 21 U.S.C. §§ 1031-1056.

[PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

19. This paragraph contains Plaintiff's characterization of, and legal conclusions about, the Egg Products Inspection Act, to which no response is required. Defendant-Intervenors refer the Court to that act for a full and accurate statement of its provisions. *See* 21 U.S.C. §§ 1031-1056.

20. This paragraph contains Plaintiff's characterization of, and legal conclusions about, the Egg Products Inspection Act, to which no response is required. Defendant-Intervenors refer the Court to that act for a full and accurate statement of its provisions. *See* 21 U.S.C. §§ 1031-1056.

21. This paragraph contains Plaintiff's characterization of, and legal conclusions about, the Egg Products Inspection Act, to which no response is required. Defendant-Intervenors refer the Court to that act for a full and accurate statement of its provisions. *See* 21 U.S.C. §§ 1031-1056.

22. This paragraph contains Plaintiff's characterization of, and legal conclusions about, the Egg Products Inspection Act, to which no response is required. Defendant-Intervenors refer the Court to that act for a full and accurate statement of its provisions. *See* 21 U.S.C. §§ 1031-1056.

23. This paragraph contains Plaintiff's characterization of, and legal conclusions about, the Egg Products Inspection Act, to which no response is required. Defendant-Intervenors refer the Court to that act for a full and accurate statement of its provisions. *See* 21 U.S.C. §§ 1031-1056.

24. This paragraph contains legal conclusions about the Egg Products Inspection Act and *Nat'l Meat Ass'n v. Harris*, 565 U.S. 452 (2012), to which no response is required. Defendant-Intervenors refer the Court to that case and that act for a full and accurate statement of their content. *See* 21 U.S.C. §§ 1031-1056.

25. This paragraph contains Plaintiff's characterization of, and legal conclusions about, the Egg Products Inspection Act and regulations, to which no response is required. Defendant-Intervenors refer the Court to that act and cited

[PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

regulations for a full and accurate statement of their provisions. *See* 21 U.S.C. §§ 1031-1056; 7 C.F.R. § 57.1.

26. This paragraph contains Plaintiff's characterization of, and legal conclusions about, the Egg Products Inspection Act, to which no response is required. Defendant-Intervenors refer the Court to that act for a full and accurate statement of its provisions. *See* 21 U.S.C. §§ 1031-1056.

## CALIFORNIA LAW

27. This paragraph contains Plaintiff's characterization of Proposition 2, to which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25990-25994 (2008).

28. This paragraph contains Plaintiff's characterization of Proposition 2, to which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25990-25994 (2008).

29. This paragraph contains Plaintiff's characterization of Proposition 2 and AB1437, to which no response is required. Defendant-Intervenors refer the Court to those laws for a full and accurate statement of their provisions. *See* Cal. Health & Safety Code §§ 25990-25994 (2008); Cal. Health & Safety Code § 25996.

30. This paragraph contains Plaintiff's characterization of Proposition 2 and AB1437, to which no response is required. Defendant-Intervenors refer the Court to these sections for a full and accurate statement of their provisions. *See* Cal. Health & Safety Code §§ 25990-25994 (2008); Cal. Health & Safety Code § 25996.

31. This paragraph contains Plaintiff's characterization of AB1437, to which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25996, 25996.1.

32. Defendant-Intervenors are without sufficient knowledge or information to

1 admit or deny this allegation.

2 33. Defendant-Intervenors are without sufficient knowledge or information to
3 admit or deny this allegation.

4 34. This paragraph contains Plaintiff's characterization of Proposition 12, to
5 which no response is required, and Defendant-Intervenors refer the Court to that for
6 a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§
7 25990-25994.

8 35. This paragraph contains Plaintiff's characterization of Proposition 12, to
9 which no response is required, and Defendant-Intervenors refer the Court to that
10 law for a full and accurate statement of its provisions. *See* Cal. Health & Safety
11 Code §§ 25990-25994; A. Padilla, Cal. Sec'y of State, California General
12 Election—Text of Proposed Laws (Nov. 6, 2018),
13 https://vig.cdn.sos.ca.gov/2018/general/pdf/topl.pdf.

14 36. Defendant-Intervenors deny that Proposition 12 was driven by activists'
15 conception of what qualifies as cruel, and further state that the law itself and the
16 Voter Guide are the best sources of voter intent. *See* Cal. Health & Safety Code §§
17 25990-25994; A. Padilla, Cal. Sec'y of State, California General Election—Official
18 Voter Information Guide (Nov. 6, 2018),
19 https://vig.cdn.sos.ca.gov/2018/general/pdf/complete-vig.pdf.

20 37. This paragraph contains Plaintiff's characterization of an external
21 document, to which no response is required, and Defendant-Intervenors refer the
22 Court to that document for a full and accurate statement of its content. To the extent
23 a response is required, Defendant-Intervenors deny the allegations.

24 38. This paragraph contains Plaintiff's characterization of Proposition 12, to
25 which no response is required, and Defendant-Intervenors refer the Court to that
26 law for a full and accurate statement of its provisions. *See* Cal. Health & Safety
27 Code §§ 25990-25994.

28 39. This paragraph contains Plaintiff's characterization of Proposition 12, to

[PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1 | which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25990-25994.

40. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and Defendant-Intervenors refer the Court to that section for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25990-25994 (2008).

41. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25990-25994.

42. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25990-25994.

43. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25990-25994.

44. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25990-25994.

45. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25990-25994.

46. This paragraph contains Plaintiff's characterization of Proposition 12, to

[PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25990-25994.

47. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25990-25994.

48. This paragraph contains Plaintiff's characterization of California code, to which no response is required. Defendant-Intervenors refer the Court to that section for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25995.

49. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25990-25994.

50. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25990-25994.

51. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25990-25994.

52. This paragraph contains Plaintiff's characterization of regulations, to which no response is required, and Defendant-Intervenors refer the Court to those regulations for a full and accurate statement of their provisions. *See* 3 Cal. Code Regs. § 1320.4(a), (c).

/ / /

## CLAIMS FOR RELIEF

## COUNT ONE

## Preemption of AB 1437

53.  To the extent Plaintiff realleges and incorporates all preceding paragraphs, Defendant-Intervenors refer the Court to their responses to the specific preceding paragraphs.

54.  This paragraph contains Plaintiff's characterization of the United States Constitution, to which no response is required.

55.  This paragraph contains Plaintiff's characterization of the United States Constitution, and legal conclusions to which no response is required. To the extent a response is required, this allegation is denied.

56.  This paragraph contains Plaintiff's characterization of, and legal conclusions about, the Egg Products Inspection Act, to which no response is required. Defendant-Intervenors refer the Court to that act for a full and accurate statement of its provisions. *See* 21 U.S.C. §§ 1031-1056.

57.  This paragraph contains Plaintiff's characterization of, and legal conclusions about, AB1437, to which no response is required, and Defendant-Intervenors refer the Court to that section for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25995(e).

58.  This paragraph contains Plaintiff's characterization of, and legal conclusions about, AB1437, to which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25996.

59.  This paragraph contains legal conclusions to which no response is required.

## COUNT TWO

## Preemption of Proposition 12

60.  To the extent Plaintiff realleges and incorporates all preceding

[PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

paragraphs, Defendant-Intervenors refer the Court to their responses to the specific preceding paragraphs.

61. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25990-25994; A. Padilla, Cal. Sec'y of State, California General Election—Text of Proposed Laws (Nov. 6, 2018), https://vig.cdn.sos.ca.gov/2018/general/pdf/topl.pdf.

62. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and Defendant-Intervenors refer the Court to that law for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code §§ 25990-25994.

63. This paragraph contains legal conclusions to which no response is required.

## COUNT THREE
**Preemption of California's Regulations Regarding the Packaging and Labeling of Egg Products**

64. To the extent Plaintiff realleges and incorporates all preceding paragraphs, Defendant-Intervenors refer the Court to their responses to the specific preceding paragraphs.

65. Plaintiff appears to cite a regulation that does not appear to exist, but Plaintiff's characterization of federal regulations requires no response. To the extent Plaintiff intended to reference 9 C.F.R. § 590.410, Defendant-Intervenors refer the Court to that regulation for a full and accurate statement of its provisions.

66. This paragraph contains legal conclusions to which no response is required.

/ / /

/ / /

[PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

## PRAYER FOR RELIEF

The balance of the Complaint constitutes a prayer for relief to which no answer is required. Defendant-Intervenors deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendant-Intervenors hereby deny all allegations not expressly admitted or denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's action and request for injunctive relief are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because there is no live case or controversy, Plaintiff has not suffered any injury or damage, and the Court cannot redress the purported harms alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's action and request for injunctive relief are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's action and request for injunctive relief are barred by the doctrine of laches.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

[PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Dated: July 28, 2025

RILEY SAFER HOLMES & CANCILA LLP

By: */s/ Bruce A. Wagman*
Bruce A. Wagman (CSB No. 159987)
bwagman@rshc-law.com

*Counsel for Proposed Defendant-Intervenors*

[PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT